**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

HARLEY'S HOPE FOUNDATION, a Colorado Nonprofit Corporation,

Plaintiff,

v.

HARLEY'S DREAM, a Colorado Nonprofit Corporation

Defendant.

---

**COMPLAINT**

---

Plaintiff Harley's Hope Foundation ("Plaintiff"), by and through its undersigned counsel, brings this action against defendant Harley's Dream ("Defendant") and alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally-registered service mark "HARLEY'S HOPE FOUNDATION" (non-stylized) under Section 32(1) of the Lanham Act,15 U.S.C. § 1114(1); for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and for violation of Colorado law and common law all arising from the Defendant's unauthorized use of the non-stylized "HARLEY'S HOUSE OF HOPE" and "HARLEY'S DREAM" in connection with charitable foundation services and providing financial support to pet parents for assistance with pet related expenses.

2. Plaintiff seeks injunctive and monetary relief.

## PARTIES

3. Plaintiff Harley's Hope Foundation is a Colorado nonprofit corporation in good

standing with its principal place of business located at 13455 Highline Drive, Colorado Springs, CO 80908.

4. Upon information and belief, Defendant, Harley's Dream is a Colorado nonprofit corporation with its principal place of business located at 321 Mountain Ave, Berthoud, Colorado 80513.

**JURISDICTION**

5. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C.§§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under U.S.C. § 1367 for Colorado state and common law claims.

**VENUE**

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), in that Defendant is located in Colorado for its incorporated in Colorado and has its principal place of business in Colorado, 28 U.S.C. § 1391(b)(2), in that a substantial part ofthe events or omissions giving rise to the claim occurred in this district, and/or 28 U.S.C. § 1391(b)(3), Defendant is subject to personal jurisdiction in this district with respect to this complaint, and there is no other district in which the action may otherwise be brought.

**FACTS**

A. Plaintiff

7. Plaintiff is a charitable foundation focusing on providing services in support of pets and pet owners, including financial assistance for veterinary care, pet food assistance, and other pet assistance programs.

8. Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 6360028 on the Principal Register in the United States Patent and Trademark Office for the service mark "HARLEY'S HOPE FOUNDATION," a non-stylized mark

(hereinafter the "Harley's Mark" or "Service Mark") for "Charitable foundation services, namely, providing financial support to pet parents for veterinary assistance and programs." Attached as Exhibit A is a true and correct copy of the registration certificates for Plaintiff's United States Service Mark Registration No. 6360028, which was issued by the United States Patent and Trademark Office on May 25, 2021.

9. Plaintiff has also filed and protected the Harley's Mark in Colorado and is the owner of the Colorado Trademark ID Number 20121551227 for the service mark "HARLEY'S HOPE FOUNDATION" for charitable foundation services including providing financial assistance for veterinary care. Attached as Exhibit B is a true and correct copy of the trademark registration for Plaintiff's Colorado Trademark ID Number 20121551227, which was filed on and effective as of October 1, 2012.

10. Plaintiff has used the Harley's Mark in interstate commerce in the United States, including in Colorado, continuously since July 28, 2010 in connection with their charitable foundation and financial support for pet services. Attached hereto as Exhibit C are true and accurate copies of ad materials showing Plaintiff's use of the Harley's Mark in connection with these services.

11. As a result of its widespread, long, continuous, and exclusive use of the Harley's Mark to identify its charitable services and Plaintiff as their source, Plaintiff owns valid and subsisting federal, Colorado statutory and common law rights to the Harley's Mark.

12. Plaintiff's Harley's Mark is distinctive to both the consuming public and Plaintiff's trade.

13. Plaintiff has expended substantial time, money and resources marketing, advertising, and promoting the Harley's Mark.

14. Plaintiff offers charitable and financial assistance services to those desiring it through the Harley's Mark.

15. The Plaintiff offers services using the Harley's Mark that are of high quality.

16. As a result of Plaintiff's expenditures and efforts, the Harley's Mark have come to signify the high quality of charitable and financial services designated by the Harley's Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

17. Plaintiff, through its Harley's Mark and the charitable and financial assistance services offered thereunder has received significant unsolicited coverage in various platforms, including, Facebook, Google, and different news outlets. Attached hereto as Exhibit C are true and accurate copies of news coverage of Plaintiff's services (downloaded January 10, 2022).

18. Plaintiff has scrupulously and successfully enforced and protected its Harley's Mark against past infringements.

B. Defendants' Unlawful Activities

19. Upon information and belief, Defendant, Harley's Dream, is engaged in charitable and financial services for pets and pet owners and educational services to inform the public about puppy mills and encourage the rescuing of senior dogs

20. Without Plaintiff's authorization, and upon information and belief, beginning in November 2016, after Plaintiff acquired protectable exclusive rights in the Harley's Mark, Defendant Harley's Dream exclusively adopted and began using "HARLEY'S HOUSE OF HOPE," a mark confusingly similar to Plaintiff's Service Mark in US commerce, and "HARLEY'S DREAM," a mark confusingly similar to Plaintiff's Service Mark (hereinafter, collectively with "Harley's House of Hope" the "Infringing Marks").

21. The Infringing Marks adopted and used by Defendant Harley's Dream have the same distinctive beginning word, "Harley's," as Plaintiff's Harley's Mark followed by the same

of confusingly similar words to “hope” used in Plaintiff's Harley’s Mark.

22. Upon information and belief, Defendant has been engaged in the same type of services as offered by the Plaintiff, specifically charitable services, namely financial assistance for medical care of pets using the Infringing Marks.

23. Upon information and belief, the services Defendant Harley’s Dream have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Marks through online marketing, Facebook, Twitter, Instagram and Pinterest advertising. Attached hereto as Exhibit D are true and representative correct copies of Defendant’s online advertising materials (downloaded January 4, 2022) showing Defendant's use of the Infringing Marks.

24. Defendant’s infringing acts as alleged herein have caused and are likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or originof the Defendant’s charitable services and have and has and are likely to continue deceiving the relevant consuming public into believing, mistakenly, that Defendant’s charitable services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

25. Defendant’s infringing acts as alleged herein have resulted in actual confusion. Specifically, Plaintiff has received multiple emails and social media messages from it’s customers and donors confusing Plaintiff’s services with Defendant’s services. Donors have even stated they are customer and donors of Harley’s Hope and later determined they meant the Defendant. Attached hereto as Exhibit E are true and accurate copies of emails and Facebook messages received by Plaintiff showing customer confusion between Plaintiff’s Harley’s Mark and Defendant’s Infringing Marks.

26. On June 25, 2021, Plaintiff's counsel sent a cease and desist letter to Defendant

objecting to Defendant's use of the Infringing Marks. Attached hereto as Exhibit F is a true and correct copy of Plaintiff's counsel's cease and desist letter to Defendant. Defendant's counsel and Plaintiff's counsel discussed the Defendant's use of the Infringing Marks from June 2021 to August 2021.

27. Upon information and belief, to date, Defendant has not complied with the demands set out in Plaintiff's counsel's cease and desist letter. In fact, Defendant's counsel stated Defendant would not comply with all Plaintiff's demands to take action to stop customer confusion, including removing the distinctive element of the Infringing Marks that is causing customer confusion with Plaintiff's Harley's Mark.

28. Upon information and belief, Defendant's acts have been committed with knowledge of Plaintiff's exclusive right and goods will in the Harley's Mark and are willful with the deliberate intention to trade on the goodwill of Plaintiff's Harley's Mark, cause confusion and deception in the marketplace, and divert potential donations to Plaintiff to the Defendant.

29. In committing these acts, Defendant has, among other things, willfully and in bad faith (1) infringed the Harley's Mark, (2) misled the consuming public into believing there is an association or connection between the Defendant and Plaintiff and/or the services advertised and provided by Defendant and Plaintiff, (3) used false designation of origin with its services, and (4) unfairly profited from such activities.

30. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public, for which Plaintiff has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT PURSUANT TO SECTION 32(1) OF THE LANHAM ACT

31. Plaintiff repeats and realleges the proceeding paragraphs as though fully set forth

herein.

32. Defendant's unauthorized use in commerce of elements of the Harley's Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation ofservices, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant's services are in some way affiliatedwith or sponsored by Plaintiff. Both Defendant's conduct therefore constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Upon information and belief, Defendant have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Harley's Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

34. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35. Defendants' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiff's rights in the Harley's Mark, and with intent to cause confusion and to trade on Plaintiff's vast goodwill in the Harley's Mark. In view of the egregious nature of Defendants' infringement, Plaintiff requests and is entitled to injunctive relief as provided by 15 U.S.C. § 1116 and damages pursuant to 15 U.S.C. § 1117, including Defendants' profits, treble damages, reasonable attorney fees, costs, statutory damages, and/or prejudgment interest.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF SECTION 43(a) OF THE LANHAM ACT**

36. Plaintiff repeats and realleges the proceeding paragraphs as though fully set forth herein.

37. The acts of the Defendant complained of herein constitute trademark infringement, false designation of origin, false or misleading descriptions or representation of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Defendant's unauthorized use in commerce of the material elements of the Harley's Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or thatDefendant are in some way affiliated with or sponsored by Plaintiff.

39. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

40. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

41. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

42. Defendant's continuing and knowing use of the Harley's Mark is causing immediate and irreparable harm and injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law for the irreparable harm and injury suffered.

43. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with

prejudgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**COLORADO COMMON LAW TRADEMARK INFRINGEMENT**

44. Plaintiff repeats and realleges the proceeding paragraphs as though fully set forth herein.

45. Plaintiff has a protectible interest in its HARLEY'S HOPE FOUNDATION mark that was acquired prior to Defendant's usage of the Infringing Marks and has registered the HARLEY'S HOPE FOUNDATION mark with the Colorado Secretary of State.

46. Defendant's usage of the Infringing Marks in commerce is likely to cause, has caused, and will continue to cause custom confusion.

47. Accordingly, Defendant has committed common law trademark infringement.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW UNJUST ENRICHMENT**

48. Plaintiff repeats and realleges the proceeding paragraphs as though fully set forth herein.

49. Defendant received the benefit of Plaintiff's significant branding and goodwill, as well as the benefit of all of its advertising and promotional efforts, at the expense of the Plaintiff under circumstances that would make it unjust for them to retain such benefits without compensating Plaintiff for the same.

50. Accordingly, the acts of Defendant complained of herein constitute unjust enrichment of Defendant.

**JURY DEMAND**

Plaintiff seeks a trial by jury on all matters triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Harley's Hope prays judgment against Defendant Harley's Dream as follows:

51. For an award of Defendant's profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114(a);

52. For an award of Defendant's profits and Plaintiff's damages in an amount proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

53. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries,and assigns, and all of those in active concert and participation with any of the foregoing personsand entities who receive actual notice of the Court's order by personal service or otherwise from:

(a) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise or promote services bearing the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Harley's Mark;

(b) engaging in any activity that infringes Plaintiff's rights in its Harley's Mark;

(c) engaging in any activity constituting unfair competition with Plaintiff;

(d) engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Harley's Mark;

(e) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are

in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

(f) using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin,or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(g) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Harley's Mark or any other mark that infringes or is likely to be confused with Plaintiff's Harley's Mark, or any goods or services of Plaintiff,or Plaintiff as their source; and

(h) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

54. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant is in any way approved, endorsed, licensed, sponsored, authorized, or franchised byor associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

55. Directing that Defendant recall and deliver up for destruction all advertisements, promotions, signs, displays, and related materials incorporating or bearing the Infringing Marks or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Harley's Mark.

56. Directing, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

57. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

58. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

59. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

60. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and awarding Plaintiff its costs, disbursements, and reasonable attorneys' fees incurred in this action and such other relief as may be appropriate.

61. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

62. Awarding such other and further relief as the Court deems just and proper.

Dated: January 19, 2022
Denver, Colorado

Respectfully submitted,
_s/ Steven H. Weigler_
Steven H. Weigler
EmergeCounsel, LLC
1800 Glenarm Place, Ste. 503
Denver, CO 80202
Phone: (720) 924-8199
Fax: (720) 893-8909
sweigler@emergecounsel.com

*Attorneys for Plaintiff* Harley's Hope Foundation

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

s/ Amber M. VandenHout

Amber M. VandenHout