IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0136-WJM-STV

HARLEY'S HOPE FOUNDATION, a Colorado Nonprofit Corporation,

    Plaintiff,

v.

HARLEY'S DREAM, a Colorado Nonprofit Corporation,

    Defendant.

**ORDER DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION**

Before the Court is Plaintiff Harley's Hope Foundation's Motion for Temporary Restraining Order and for Preliminary Injunction ("Motion"). (ECF No. 19.) For the reasons set forth below, the Court denies that portion of the Motion that seeks a temporary restraining order ("TRO") and takes under advisement that portion of the Motion that seeks a preliminary injunction ("PI").

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is sometimes issued when the opposing party has actual notice of the motion. *See* 11A Charles Alan Wright et al., Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party"). However, given the need for a harm so

urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief.  See Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

To the Motion, Plaintiff attaches the Certification of Counsel Pusuant [*sic*] to D.C.Colo.L.CivRule [*sic*] and 65.L(A)(L), in which Plaintiff's counsel represents that he conferred with Defendant's counsel regarding the relief requested in the Motion.  (ECF No. 19-1 ¶ 3.)  As such, in this case—which was filed nearly two months ago and in which Defendant's counsel has already appeared—Defendant is already aware of the dispute and Plaintiff's intent to seek the injunctive relief requested in the Motion.  This is therefore not the appropriate Rule 65(b) case requiring immediate *ex parte* relief.  On this basis, the Court will deny that portion of the Motion requesting a TRO and direct an expedited briefing schedule on that portion of the Motion requesting a PI.  *See Engility Corp. v. Daniels*, 2016 WL 8358509, at *2 (D. Colo. Oct. 25, 2016).

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion (ECF No. 19) is DENIED to the extent it seeks a TRO;
2. That portion of Plaintiff's Motion that seeks a preliminary injunction REMAINS UNDER ADVISEMENT;
3. Defendant shall respond to that portion of the Motion that seeks a preliminary injunction by no later than **March 23, 2022**.  Among whatever other matters Defendant chooses to address in its response, Defendant is directed to address the interplay between 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a

permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order") and the Tenth Circuit's ruling in *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016) (recognizing that "any modified test which relaxes one of the prongs for preliminary relief and thus deviates from the standard test is impermissible");

4. Plaintiff shall file a reply in further support of that portion of the Motion that seeks a preliminary injunction by no later than **March 25, 2022**; and

5. Upon receipt of Plaintiff's reply brief, the Court will consider whether an evidentiary hearing and/or oral argument is necessary.

Dated this 18th day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge