IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 22-cv-0136-WJM-STV

HARLEY'S HOPE FOUNDATION, a Colorado nonprofit corporation,

    Plaintiff,

v.

HARLEY'S DREAM, a Colorado nonprofit corporation,

    Defendant.

## ORDER DENYING THAT PORTION OF PLAINTIFF'S MOTION SEEKING A PRELIMINARY INJUNCTION

Before the Court is Plaintiff Harley's Hope Foundation's Motion for Temporary Restraining Order ("TRO") and for Preliminary Injunction ("PI") ("Motion"). (ECF No. 19.) The Court denied that portion of the Motion that sought a TRO on March 18, 2022 and set up a briefing schedule on the remainder of the Motion. (ECF No. 23.) Defendant Harley's Dream responded to the Motion on March 23, 2022 (ECF No. 27), and Plaintiff replied on March 25, 2022 (ECF No. 28). Thereafter, the Court ordered supplemental briefing (ECF No. 29), which the parties filed on April 7, 2022 (ECF Nos. 30, 31).

Having now reviewed the parties' briefing, the Court concludes finds that an evidentiary hearing is not necessary to resolve the Motion. For the reasons set forth below, the Court denies that portion of the Motion seeking a PI.

# I. BACKGROUND[1]

Since 2010, Plaintiff has been a charitable foundation focused on providing services in support of pets and pet owners, including financial assistance for veterinary care, pet food assistance, and other pet assistance programs. (ECF No. 19 at 2.) Plaintiff is the owner of valid and subsisting United States Service Mark Registration No. 6,360,028 on the Principal Register in the United States Patent and Trademark Office for the service mark "HARLEY'S HOPE FOUNDATION," a non-stylized mark for "Charitable foundation services, namely, providing financial support to pet parents for veterinary assistance and programs" ("Harley's Mark"). (*Id.* at 2.) Harley's Mark was issued by the United States Patent and Trademark Office on May 25, 2021. (*Id.* at 2–3.) Plaintiff has also filed and protected the mark in Colorado, and it is the owner of Colorado Trademark ID Number 20121551227, effective October 1, 2012, for the service mark "HARLEY'S HOPE FOUNDATION." (*Id.* at 3.)

Since November 2016, Defendant began using the names "HARLEY'S HOUSE OF HOPE" and "HARLEY'S DREAM," in connection with its charitable organization providing financial services for pets and pet owners and educational services. (*Id.* at 4.) Defendant advertises and markets its services through online marketing, Facebook, Twitter, Instagram, and Pinterest. (*Id.*)

Since Defendant's inception, numerous consumers have been confused by the similarities between Plaintiff's and Defendant's organization names. (ECF No. 19-3 at 5 ¶ 16.) Plaintiff contends that although it first became aware of consumer confusion in

---

[1] Although the parties have slight differences in their factual accounts, such disputes do not affect the outcome of the Motion. Accordingly, the Court accepts Plaintiff's allegations as true for purposes of this Order. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

2017, it did not learn until March 2019 that it was Defendant's use of Harley's Mark that was the source of the confusion.  (*Id.* ¶ 17.)  Thereafter, Plaintiff continued to respond to confused consumers from 2019 to 2022.  (*Id.* at 5–6 ¶¶ 17–20; ECF No. 21.)

On June 25, 2021, Plaintiff sent a cease-and-desist letter to Defendant, objecting to Defendant's use of Harley's Mark.  (ECF No. 19 at 4.)

Plaintiff filed this action on January 19, 2022, asserting claims for federal trademark infringement pursuant to sections 32(1) and 43 of the Lanham Act, common law trademark infringement, and common law unjust enrichment.  (ECF No. 1.)  Thereafter, Plaintiff filed the Motion on March 18, 2022.  (ECF No. 19.)

## II. LEGAL STANDARDS

A preliminary injunction is an extraordinary remedy; accordingly, the right to relief must be clear and unequivocal.  *See Flood v. ClearOne Commc'ns, Inc.*, 618 F.3d 1110, 1117 (10th Cir. 2010).  A movant must show: (1) a likelihood of success on the merits, (2) a threat of irreparable harm, which (3) outweighs any harm to the non-moving party, and (4) that the injunction would not adversely affect the public interest.  *See, e.g.*, *Awad v. Ziriax*, 670 F.3d 1111, 1125 (10th Cir. 2012).  Among the preliminary injunction elements, "a showing of probable irreparable harm is the single most important prerequisite."  *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (internal quotation marks omitted).

Moreover, the Tenth Circuit endorses a heightened standard for "[d]isfavored preliminary injunctions," which do not

> merely preserve the parties' relative positions pending trial.
> Instead, a disfavored injunction may exhibit any of three
> characteristics: (1) it mandates action (rather than prohibiting
> it), (2) it changes the status quo, or (3) it grants all the relief

3

>that the moving party could expect from a trial win.  To get a
>disfavored injunction, the moving party faces a heavier
>burden on the likelihood-of-success-on-the-merits and the
>balance-of-harms factors: []he must make a strong showing
>that these tilt in [his] favor.

*Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019) (citations and internal quotation marks omitted).

Because the Motion seeks an injunction that changes the status quo, Plaintiff is seeking a disfavored injunction.  Therefore, Plaintiff must meet the Tenth Circuit's heightened standard to obtain the relief it seeks.  *See id.*

### III. ANALYSIS

"A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain."  *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001); *see also Salt Lake Tribune Publ'g Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1105 (10th Cir. 2003) ("Irreparable harm, as the name suggests, is harm that cannot be undone, such as by an award of compensatory damages or otherwise.").  Irreparable harm "must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).

Moreover, as amended by the Trademark Modernization Act of 2020, 15 U.S.C. § 1116(a) provides that in trademark cases brought under the Lanham Act,

>[t]he several courts vested with jurisdiction of civil actions
>arising under this chapter shall have power to grant
>injunctions, according to the principles of equity and upon
>such terms as the court may deem reasonable, to prevent
>the violation of any right of the registrant of a mark registered
>in the Patent and Trademark Office or to prevent a violation
>under subsection (a), (c), or (d) of section 1125 of this title.

4

> A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction or upon a finding of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order. . . .

The Court will assume for purposes of this Order only that Plaintiff has demonstrated a likelihood of success on the merits, thus triggering the rebuttable presumption of irreparable harm. However, the Court nonetheless finds that the presumption of irreparable of harm is rebutted upon the facts of this case.

The parties dispute when Plaintiff first became aware that Defendant was operating under the name Harley's Dream (*compare* ECF No. 30 at 2 *with* ECF No. 31 at 1–2); however, the Court will accept as true for purposes of the Motion that Plaintiff did not become aware that Defendant was using Plaintiff's marks until March 2019, rather than 2017 (ECF No. 19-3 at 5 ¶ 17). Even taking Plaintiff's account as accurate, Plaintiff waited more than two years to send Harley's Dream a cease-and-desist letter. (ECF No. 20-4.) It thereafter waited over six more months to file this lawsuit (ECF No. 1) and almost two further months after that to file the Motion (ECF No. 19). All the while, Plaintiff continued to direct confused consumers to Harley's Dream from 2019 to 2022. (ECF No. 19-3 at 5–6 ¶¶ 18–21; ECF No. 21.)

On this record, the Court finds that Plaintiff's nearly three-year delay in seeking injunctive relief from the time it first became aware of Defendant's activities—as well as its nearly eight-month delay from the time it sent a cease-and-desist letter to Defendant—rebuts any presumption that Defendant's purported trademark infringement alone will cause irreparable harm pending trial. For support, the Court relies on the

numerous cases from around the country in which courts have concluded that much shorter delays in filing suit undermined a movant's request for injunctive relief.  *See, e.g.*, *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (en banc) (five-month delay); *Tough Traveler, Ltd. v. Outbound Prods.*, 60 F.3d 964, 968 (2d Cir. 1995) (nine-month delay); *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (nine-month delay); *Ixmation, Inc. v. Switch Bulb Co., Inc.*, 2014 WL 5420273, at *7–8 (N.D. Ill. Oct. 23, 2014) (four-and-a-half month delay); *Silber v. Barbara's Bakery, Inc.*, 950 F. Supp. 2d 432, 441–42 (E.D.N.Y. 2013) (holding that a five-month delay "destroy[ed] a presumption of irreparable harm" in a false advertising case); *but see RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1211 (10th Cir. 2009) (recognizing that three-month delay in filing did not defeat a claim of irreparable injury when the delay was attributable to plaintiff's attempts to negotiate and the need for further documentation of the harm).[2]  It may well be true that Plaintiff spent much of the past three years investigating its trademark infringement claims and attempting to informally resolve the matter; however, such contentions do not alter the Court's conclusion that Plaintiff is not entitled to a statutory presumption of irreparable harm based on Plaintiff's delay.

      Moreover, the Court need not determine today whether Defendant will be able to successfully assert a laches defense to Plaintiff's claims.  For purposes of deciding the Motion, it is enough to conclude, as the Court has, that the statutory presumption of irreparable harm set forth in § 1116(a) has been rebutted.  Moreover, after fully considering the parties' arguments and exhibits, the Court concludes that Plaintiff has

---

[2] The Court acknowledges that these cases predate the 2020 amendments to § 1116(a). Nonetheless, the Court finds the analysis set forth in these cases persuasive in determining that the statutory presumption of irreparable harm has been rebutted based on the length of Plaintiff's delay in requesting a PI.

failed to introduce sufficient evidence that it will suffer non-speculative, irreparable harm prior to trial, such that it is entitled to injunctive relief.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that the portion of Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (ECF No. 19) that seeks a preliminary injunction is DENIED.

Dated this 19th day of April, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge